UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Cristian Z.,

      Petitioner,

v.

Pamela Bondi, *Attorney General*; Kristi Noem, *Secretary, U.S. Department of Homeland Security*; Department of Homeland Security; Todd M. Lyons, *Acting Director of Immigration and Customs Enforcement*; Immigration and Customs Enforcement; Daren K. Margolin, *Director for Executive Office for Immigration Review*; Executive Office for Immigration Review; and David Easterwood, *Acting Director, St. Paul Field Office, Immigration and Customs Enforcement*,

      Respondents.

File No. 26-cv-157 (ECT/ECW)

**OPINION AND ORDER**

---

David L. Wilson and Gabriela Sophia Anderson, Wilson Law Group, Minneapolis, MN, for Petitioner Cristian Z.

Ana H. Voss,[1] United States Attorney's Office, Minneapolis, MN, for Respondents Pamela Bondi, Kristi Noem, Department of Homeland Security, Todd M. Lyons, Immigration and Customs Enforcement, Daren K. Margolin, Executive Office for Immigration Review, and David Easterwood.

---

[1] Respondents' response brief was signed by Julie Le on behalf of the United States Attorney's Office. *See* ECF No. 5. Ms. Le has not filed a notice of appearance in this case. *See generally* Dkt.

Petitioner Cristian Z. is an Ecuadoran citizen who entered the United States without authorization on or about May 17, 2023. Pet. ¶¶ 21, 37–38. "Respondents encountered [Cristian], processed him, and released him under an Order of Release under his own Recognizance (OREC)." Id. ¶ 39 (citing ECF No. 2-1 (copy of May 18, 2023 Order of Release on Recognizance)). "Respondents commenced removal proceedings under 8 U.S.C. § 1229a." Id. ¶ 40. Cristian was detained "[o]n or about January 9, 2026." Pet. ¶ 42. Cristian "has been compliant with all conditions of his release," and he "has not committed an offense that might invoke 8 U.S.C. § 1226(c)." Id. ¶¶ 43–44.

Here, Cristian challenges his detention under 28 U.S.C. § 2241. Pet. ¶ 6. He claims he has been wrongly classified as a § 1225(b)(2) detainee (whose detention is mandatory) rather than a § 1226 detainee (whose detention is discretionary and who is entitled to a bond hearing). Id. ¶¶ 3, 46–65, 76–106; see Jose J.O.E. v. Bondi, 797 F. Supp. 3d 957, 961–62 (D. Minn. 2025) (explaining legal framework). According to Cristian, that misclassification and denial of a bond hearing violate his right to due process under the Fifth Amendment, 8 U.S.C. §§ 1225(b)(2) and 1226(a), the Administrative Procedure Act, and § 1226's implementing regulations. See Pet. ¶¶ 80–106. He seeks a declaration that his detention absent a bond hearing and without a warrant is unlawful; issuance of a writ of habeas corpus ordering Respondents to immediately release him from custody or set a bond hearing pursuant to 8 U.S.C. § 1226(a); and an order enjoining his removal or transfer out of the District of Minnesota during the pendency of this case. Pet. at 26–27.

In a one-paragraph response, Respondents state that Cristian's petition "raises legal and factual issues similar to those in prior habeas petitions this Court has decided," and

2

argues that the petition fails on the merits for the same reasons set forth in the appeal of *Avila v. Bondi*, No. 25-cv-3248 (8th Cir. Docketed Nov. 10, 2025).  *See* ECF No. 5 at 1.  This raises an issue of statutory interpretation[2] that courts in this District have repeatedly considered and rejected, and it will be rejected here as well.

Cristian has shown he has been misclassified under § 1225(b)(2) rather than § 1226.  As courts have explained, the former statute applies to applicants "seeking admission," and the latter to "aliens already in the country."  8 U.S.C. § 1225(b)(2)(A); *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (construing 8 U.S.C. § 1226(a) and (c)); *see Francisco T. v. Bondi*, 797 F. Supp. 3d 970, 974–76 (D. Minn. 2025); *Belsai D.S. v. Bondi*, --- F. Supp. 3d ---, No. 25-cv-3682 (KMM/EMB), 2025 WL 2802947, at *6–7 (D. Minn. Oct. 1, 2025); *Eliseo A.A. v. Olson*, --- F. Supp. 3d ---, No. 25-cv-3381 (JWB/DJF), 2025 WL 2886729, at *2–4 (D. Minn. Oct. 8, 2025); *Avila v. Bondi*, No. 25-cv-3741 (JRT/SGE), 2025 WL 2976539, at *5–7 (D. Minn. Oct. 21, 2025), *appeal filed*, No. 25-3248 (8th Cir. Nov. 10, 2025); *Andres R.E. v. Bondi*, No. 25-cv-3946 (NEB/DLM), 2025 WL 3146312, at *2–3 (D. Minn. Nov. 4, 2025); *E.M. v. Noem*, 25-cv-3975 (SRN/DTS), 2025 WL 3157839, at *4–8 (D. Minn. Nov. 12, 2025); *Santos M.C. v. Olson*, No. 25-cv-4264 (PJS/DJF), 2025 WL 3281787, at *2–3 (D. Minn. Nov. 25, 2025).  As of January 10, 2026, only one federal court of appeals has ruled on the question, and it reached the same

---

[2]   To the extent Respondents challenge this Court's subject-matter jurisdiction to consider Cristian's petition by way of their response in *Avila*, consistent with previous rulings on this issue, I find that the jurisdiction-stripping provisions of § 1252(a)(5), (b)(9), and (g) do not apply to "the narrow question whether a noncitizen is subject to discretionary detention under 8 U.S.C. § 1226 or mandatory detention under § 1225(b)(2)." *Fernando F.P.D. v. Brott*, No. 25-cv-4455 (ECT/ECW), 2025 WL 3675151, at *2 (D. Minn. Dec. 17, 2025) (citing cases).

conclusion. *See Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, (7th Cir. 2025). Cristian has lived in the United States for two years. His detention falls under § 1226 and not § 1225(b)(2).

The final issue is the appropriate remedy. Section 1226 provides that "*[o]n a warrant issued by the Attorney General*, an alien may be arrested and detained." 8 U.S.C. § 1226(a) (emphasis added). "Issuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a)." *Chogllo Chafla v. Scott*, --- F. Supp. 3d ---, No. 2:25-cv-00437-SDN, 2025 WL 2688541, at *11 (D. Me. Sept. 21, 2025), *appeal filed* (Nov. 6, 2025). "[I]t follows that absent a warrant a noncitizen may *not* be arrested and detained under section 1226(a)." *Id.* (emphasis in original); *accord Chiliquinga Yumbillo v. Stamper*, No. 2:25-cv-00479-SDN, 2025 WL 2783642, at *5 (D. Me. Sept. 30, 2025); *J.A.C.P. v. Wofford*, No. 1:25-cv-01354-KES-SKO (HC), 2025 WL 3013328, at *8 (E.D. Cal. Oct. 27, 2025); *see also Florida v. United States*, 660 F. Supp. 3d 1239, 1276 (N.D. Fla. 2023) (stating § 1226 "is not even triggered unless an arrest warrant is issued" and that "[i]f [an] alien has not been arrested on a warrant, then the subsequent provisions giving the Attorney General discretion to detain or release 'the arrested alien' are likewise not triggered"), *appeal dismissed*, 2023 WL 5212561 (11th Cir. July 11, 2023). Here, Cristian requested in his Petition that he be immediately released "because he was not detained with a warrant of arrest, Form I-200." Pet. at 27 ¶ 7. Respondents have not produced any warrant, nor have they advanced any specific argument that Cristian's release is an unwarranted remedy. *See* ECF No. 5.

4

"[R]elease is an available and appropriate remedy" for "detention that lacks a lawful predicate."  Order on Petition for Writ of Habeas Corpus, *Vedat C. v. Bondi*, No. 25-cv-4642 (JWB/DTS) (D. Minn. Dec. 19, 2025), ECF No. 9 at 6 (citing *Munaf v. Geren*, 553 U.S. 674, 693 (2008)).  "Where the record shows Respondents have not identified a valid statutory basis for detention in the first place, the remedy is not to supply one through further proceedings." *Id.*; *see Chogllo Chafla*, --- F. Supp. 3d ---, 2025 WL 2688541, at *11 ("Since the Government did not comply with the plain language of section 1226(a), [petitioners'] immediate release is justified."); *J.A.C.P.*, 2025 WL 3013328, at *8 (same); *Chiliquinga Yumbillo*, 2025 WL 2783642, at *5 (same); *see also Munaf*, 553 U.S. at 693 ("Habeas is at its core a remedy for unlawful executive detention. The typical remedy for such detention is, of course, release." (citation modified)).

### ORDER

Therefore, based on the foregoing, and on all the files, records, and proceedings herein, **IT IS ORDERED THAT** Petitioner Cristian Z.'s Verified Petition for Writ of Habeas Corpus [ECF No. 1] is **GRANTED** as follows:

1. The Court **DECLARES** that Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

2. Respondents shall release Petitioner from custody as soon as practicable, subject to the conditions of his May 18, 2023 Order of Release on Recognizance.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  January 16, 2026, at 9:30 a.m.        s/ Eric C. Tostrud
                                              Eric C. Tostrud
                                              United States District Court